1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DAVID WAYNE CROCKER,

    Petitioner,

  v.

PEOPLE OF THE STATE OF CALIFORNIA,

    Respondent.

) Case No. 2:20-cv-09052-ODW-JC
)
)
)
) ORDER DISMISSING PETITION
) FOR WRIT OF HABEAS
) CORPUS AND ACTION
) WITHOUT PREJUDICE
)
)
)
)

18
19
20
21
22
23
24
25
26
27
28

## I.   SUMMARY

  On October 1, 2020, petitioner David Wayne Crocker, who is proceeding *pro se*, initiated this case by formally filing a "Motion Rule 60(B)(6) Subdivisions (3) (4) (5) (6) (d) (2) (3) (4) for Relief from a Judgment" which, in light of its contents, the Court construes to be a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Current Federal Petition").  The Current Federal Petition challenges petitioner's 1980 conviction and sentence in Los Angeles County Superior Court Case No. A-145849 ("State Case").

///

///

  Based on the record (including facts as to which this Court takes judicial

notice as detailed below) and the applicable law, the Current Federal Petition and this action are dismissed without prejudice for lack of jurisdiction because petitioner did not obtain the requisite authorization from the Court of Appeals to file a successive petition.  Further, the Clerk of the Court is directed to refer the Current Federal Petition to the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") pursuant to Ninth Circuit Rule 22-3(a).[1]

## II.   PERTINENT PROCEDURAL HISTORY[2]

### A.   Pertinent State Proceedings

On September 4, 1980, in the State Case, petitioner pleaded guilty to second degree murder and robbery and admitted that he used a firearm in connection with such offenses.  He was sentenced to state prison for a term of fifteen years to life.

///

///

///

---

[1]Ninth Circuit Rule 22-3(a) provides in pertinent part:  "Any petitioner seeking authorization to file a second or successive 2254 petition . . . in the district court must file an application in the Court of Appeals demonstrating entitlement to such leave under 28 U.S.C. § 2254 . . . . If a second or successive petition . . . is mistakenly submitted to the district court, the district court shall refer it to the [C]ourt of [A]ppeals."

[2]The facts and procedural history set forth in this section are derived from the Current Federal Petition and supporting documents and dockets/court records in the following Central District of California ("CDCA") and Ninth Circuit cases of which this Court takes judicial notice:  (1) David Wayne Crocker v. Larry Small, CDCA Case No. 2:98-cv-09294-CM-AJW ("First Federal Action"); (2) David Wayne Crocker v. Larry Small, Ninth Circuit Case No. 99-56002 ("First Ninth Circuit Action"); (3) David Wayne Crocker v. Ernest Roe, Ninth Circuit Case No. 02-70139 ("Second Ninth Circuit Action"); (4) David Wayne Crocker v. J. Lizarraga, CDCA Case No. 2:16-cv-05333-ODW-AJW ("Second Federal Action"); (5) David Wayne Crocker v. J. Lizarraga, CDCA Case No. 2:16-cv-05334-ODW-AJW ("Third Federal Action"); and (6) David Wayne Crocker v. Joe A. Lizarraga, Ninth Circuit Case No. 16-72859 ("Third Ninth Circuit Action").  See Fed. R. Evid. 201; Harris v. County of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of undisputed matters of public record including documents on file in federal or state courts).

1
2

**B.      First Federal Action (CDCA Case No. 98-9294) and First Ninth**
**Circuit Action (Case No. 99-56002)**

3
4
5
6

On November 19, 1998, petitioner filed a Petition for Writ of Habeas Corpus ("First Federal Petition") in the First Federal Action, challenging the judgment in the State Case.  Judgment was entered dismissing the First Federal Petition as untimely on April 22, 1999.

7
8
9

On May 20, 1999, petitioner filed a notice of appeal.  On September 21, 1999, in the First Ninth Circuit Action, the Ninth Circuit denied petitioner's request for a certificate of appealability.

10

**C.      Second Ninth Circuit Action (Case No. 02-70139)**

11
12
13
14

On January 25, 2002, petitioner filed an Application for Leave to File a Second or Successive Petition in the Second Ninth Circuit Action, seeking leave to file a second or successive petition challenging the judgment in the State Case. On February 15, 2002, the Ninth Circuit denied such application.

15
16

**D.      Second and Third Federal Actions (CDCA Case Nos. 16-5333 and**
**16-5334) and Third Ninth Circuit Action (Case No. 16-72859)**

17
18
19
20
21
22

On July 19, 2016, in the Second and Third Federal Actions, petitioner filed two petitions for writ of habeas corpus (respectively, "Second Federal Petition" and "Third Federal Petition") again challenging the judgment in the State Case. On July 28, 2016, this Court summarily dismissed the Second and Third Federal Petitions without prejudice as successive.  Judgment was entered accordingly on July 29, 2016.

23
24
25
26
27
28

On August 26, 2016, petitioner formally filed an Application for Leave to File a Second or Successive Petition in the Third Ninth Circuit Action, again seeking leave to file a second or successive petition challenging the judgment in the State Case.  On April 17, 2017, the Ninth Circuit denied such application.
///
///

**E.    Current Federal Petition**

As noted above, on December 3, 2019, petitioner formally filed the Current Federal Petition which again challenges the judgment in the State Case.  The record does not reflect that petitioner has obtained authorization from the Ninth Circuit to file the Current Federal Petition in District Court.[3]

**III.   DISCUSSION**

Before a habeas petitioner may file a second or successive petition in a district court, he must apply to the appropriate court of appeals for an order authorizing the district court to consider the application.  Burton v. Stewart, 549 U.S. 147, 152-53 (2007) (citing 28 U.S.C. § 2244(b)(3)(A)).  This provision "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  Felker v. Turpin, 518 U.S. 651, 657 (1996); see also Reyes v. Vaughn, 276 F.Supp.2d 1027, 1028-30 (C.D. Cal. 2003) (discussing applicable procedures in Ninth Circuit).  A district court lacks jurisdiction to consider the merits of a second or successive habeas petition in the absence of proper authorization from a court of appeals.  Cooper v. Calderon, 274 F.3d 1270, 1274 (9th Cir. 2001) (per curiam) (citing United States v. Allen, 157 F.3d 661, 664 (9th Cir. 1998)), cert. denied, 538 U.S. 984 (2003).

A second or subsequent habeas petition is not considered "successive" if the initial habeas petition was dismissed for a technical or procedural reason, rather than on the merits.  See Slack v. McDaniel, 529 U.S. 473, 485-487 (2000) (second habeas petition not "successive" if initial habeas petition dismissed for failure to exhaust state remedies); Stewart v. Martinez-Villareal, 523 U.S. 637, 643-645 (1998) (second habeas petition not "successive" if claim raised in first habeas petition dismissed as premature); but see McNabb v. Yates, 576 F.3d 1028, 1030

---

[3]A search of the court's PACER system does not reflect that petitioner has been granted leave to file a second or successive petition by the Ninth Circuit.

(9th Cir. 2009) (dismissal on statute of limitations grounds constitutes disposition on the merits rendering subsequent petition "second or successive"); <u>Henderson v. Lampert</u>, 396 F.3d 1049, 1053 (9th Cir.) (dismissal on procedural default grounds constitutes disposition on the merits rendering subsequent petition "second or successive"), <u>cert. denied</u>, 546 U.S. 884 (2005); <u>Plaut v. Spendthrift Farm, Inc.</u>, 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute treated as judgment on the merits) (citations omitted); <u>Reyes v. United States</u>, 1999 WL 1021815 *3 (E.D.N.Y. 1999) (dismissal of first habeas petition for failure to prosecute pursuant to Fed. R. Civ. P. 41(b) constitutes dismissal on the merits and renders subsequently filed habeas petition second or successive).

Petitioner's First Federal Petition was dismissed with prejudice as untimely – a determination which the Ninth Circuit has deemed to constitute a disposition on the merits.  <u>See</u> <u>McNabb</u>, 576 F.3d at 1030.  Accordingly, the Current Federal Petition – like the Second and Third Federal Petitions – is successive.  Since petitioner filed the Current Federal Petition without authorization from the Ninth Circuit, this Court lacks jurisdiction to consider it.

**IV.   ORDER**

IT IS THEREFORE ORDERED that the Current Federal Petition and this action are dismissed without prejudice.  The Clerk of the Court is directed to refer the Current Federal Petition to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a).

IT IS SO ORDERED.


DATED: December 23, 2020

_____

HONORABLE OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE